**BORN AGAIN CHURCH & CHRISTIAN OUTREACH MINISTRIES, INC.**

v.

**MYLER CHURCH BUILDING SYSTEMS OF THE MIDSOUTH, INC.**

Court of Appeals of Tennessee, Western Section, at Nashville.

Sept. 14, 2007 Session.

Dec. 17, 2007.

Permission to Appeal Denied by Supreme Court June 13, 2008.

Lance B. Mayes, Nashville, Tennessee, for the appellant, Myler Church Building Systems of the Midsouth, Inc.

Kristin Fecteau and John A. Beam, III, Nashville, Tennessee, for the appellee, Born Again Church and Christian Outreach Ministries, Inc.

## OPINION

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which DAVID R. FARMER, J., and STEVE R. DOZIER, SP. J., joined.

This appeal involves subject matter jurisdiction. After a trial, the trial court entered a judgment in favor of the plaintiff church and against the defendant builder on August 10, 2006. The final order was mailed to the attorney for the defendant, but it was mailed to the attorney's former address. The order reached the defendant's counsel's office on August 18, 2006, and it was stamped "received" with this date. Although the deadline for filing an

appeal was actually September 11, 2006, the deadline was erroneously noted on the defendant's attorney's calendar for September 15, 2006. The defendant's attorney realized the error on September 12, 2006, and filed a notice of appeal and a motion with the trial court to file the untimely notice of appeal, seeking relief from judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure. The trial court denied the relief requested, finding no extraordinary circumstances to justify it. The defendant now appeals. We dismiss the appeal, finding that the trial court did not have jurisdiction to consider the defendant's Rule 60.02 motion once the defendant's notice of appeal was filed.

This case is an unfortunate cautionary tale for practicing litigators. Plaintiff/Appellee Born Again Church & Christian Outreach Ministries, Inc. ("Born Again Church"), sued Defendant/Appellant Myler Church Building Systems of the Midsouth, Inc. ("Myler"), over the construction of a church building. The case went to trial on May 2, 2006, and the trial court subsequently made a ruling from the bench in favor of Born Again Church and against Myler.

On August 10, 2006, the trial court entered an order consistent with its oral ruling in favor of Born Again Church. A copy of the order was sent to Myler's attorney, but it was sent to the attorney's former address. This error caused a delay, and Myler's attorney's office received the order on August 18, 2006. It was stamped "received" on that date by Myler's attorney's office personnel.

Based on entry of the order on August 10, 2006, the thirty-day period for filing an appeal of the order expired September 11, 2006. One day after the deadline, on September 12, 2006, Myler filed a notice of appeal in the trial court. The notice was accompanied by a "Motion to Appeal the Judgment of the Trial Court." In the motion, Myler requested that the order entered on August 10, 2006 be set aside pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure based on excusable neglect. Myler explained that the final order had been mailed to counsel of record at his previous address. When the order finally arrived at the attorney's correct address on August 18, 2006, the deadline for appeal was mistakenly noted on the attorney's calendar for September 15, 2006. Myler argued that the failure of a clerk to provide counsel with a copy of an order in a timely manner constitutes excusable neglect under Rule 60.02, which justified relieving Myler from the judgment and thereby extending the time for filing the notice of appeal. Born Again Church objected, arguing that Myler's notice of appeal was filed one day too late and urging strict enforcement of the requirement that the notice of appeal be timely filed. Thus, Born Again Church argued that Myler was not entitled to relief under Rule 60.02 based on the facts alleged.

The matter was argued before the trial court on October 13, 2006. The appellate record does not contain a transcript of those proceedings, but the parties have each submitted a Statement of the Evidence including facts material to this appeal.[1] On November 20, 2006, the trial

---

1. Born Again Church objected to Myler's Statement of the Evidence, claiming that it did not comply with Rule 24 of the Tennessee Rules of Appellate Procedure, and that it contained "errors and impermissible statements." Apparently, the matter was not set-

tled in the trial court in accordance with Rule 24(e). However, the facts upon which we rely in reaching our conclusion herein are undisputed and are properly documented in the record. Any discrepancies in the Statements of the Evidence submitted by the par-

court entered an order denying Myler's request for Rule 60.02 relief from the final order. The trial court recounted the facts, noting that personnel in Myler's attorney's office stamped the August 10, 2006 order as "received" on August 18, 2006, and that "someone in his office thought that his office 'received date stamp' was the date from which the appeal time ran." Therefore, counsel's calendar was erroneously marked. Considering these circumstances, the trial court found that Myler "did not meet its burden of proof in showing excusable neglect or present circumstances upon which relief could be granted under Rule 60.02." The trial court further held that the time for appeal could not be extended "absent an extraordinary circumstance which is not present here," and so denied Myler's motion. From this order, Myler now appeals.

On appeal, Myler argues that the trial court abused its discretion in declining to grant the relief requested. Myler contends that the undisputed facts demonstrate that the appeal was untimely due to excusable neglect. Myler asserts further that the trial court's decision was borne of the misperception that it did not have the discretion to allow an appeal to be filed outside the thirty-day time period. Thus, Myler argues, because the trial court erroneously believed that its powers were limited in this regard, we must reverse its decision and remand the case in order to give the trial court an opportunity to address the merits of the issue.

■ At the outset, we must address the trial court's subject matter jurisdiction, even though neither party has raised the issue. *First Am. Trust Co. v. Franklin–Murray Dev. Co.*, 59 S.W.3d 135, 140 (Tenn.Ct.App.2001); Tenn. R.App. P. 13(b). Subject matter jurisdiction involves

a court's power to adjudicate a matter before it. *First Am. Trust*, 59 S.W.3d at 140 (citing *Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn.2000)). "Issues concerning subject matter jurisdiction are so important that appellate courts must address them even if they were not raised in the trial court." *Id.* A judgment or order entered by a court without subject matter jurisdiction is void, and we must vacate such an order and dismiss the case without reaching the merits. *Id.* at 141; *see Moore v. Teddleton*, No. W2005–02746–COA–R3–CV, 2006 WL 3199273, at *4 (Tenn.Ct.App. Nov. 7, 2006).

■ Under Rule 4(a) of the Tennessee Rules of Appellate Procedure, a notice of appeal "shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from . . . ." Tenn. R.App. P. 4(a). Thus, as a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. *See State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn.1996) (citing *State v. Moore*, 814 S.W.2d 381, 382 (Tenn.Crim.App.1991)).

In this case, the thirty-day period after entry of the trial court's August 10, 2006 judgment had elapsed on September 11, 2006. Thus, the judgment became final at that time. Acknowledging this fact, Myler filed a Rule 60.02 motion for relief from the trial court's final judgment, seeking to extend the time for appeal based on extenuating circumstances. Indeed, the advisory committee comments to Rule 4 state, "Nothing in this rule or any other rule permits the time for filing notice of appeal to be extended beyond the specified 30 days, although in appropriate circumstances an otherwise untimely appeal may be taken by first securing relief under

ties is immaterial to resolution of the issue on

which this appeal turns.

Tennessee Rule of Civil Procedure 60.02." *Id.*, advisory commission comment (a). Therefore, had Myler filed only the Rule 60.02 motion for relief from the final judgment, without more, the trial court would have had subject matter jurisdiction to consider the motion.[2] *See Jerkins v. McKinney*, 533 S.W.2d 275, 281 (Tenn. 1976) (affirming the trial court's finding that the facts justified re-entry of the order under Rule 60.02 so as to restart the time for appellate review).

 The issue is complicated, however, by the fact that Myler filed a notice of appeal contemporaneously with the filing of his Rule 60.02 motion for relief from the judgment. The issue then becomes whether the trial court retained jurisdiction to address the Rule 60.02 motion once the notice of appeal was filed. The Tennessee Supreme Court has acknowledged the difficulty with this issue, noting that "there is no guidance in Rule 60.02 as to the proper court in which to file the motion once an appeal is pending."[3] *Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 595 (Tenn.1994). The *Spence* Court resolved the issue in this appeal, however, by making it clear that the trial court "has no jurisdiction to consider a [Rule 60] motion after a notice of appeal has been filed." *Id.* Stated another way, "[o]nce the notice of appeal was filed, the jurisdiction of [the appellate] court attached, and, correlatively, the trial court lost jurisdiction." *State v. Snowden*, 2006 WL 1303946, at *2 (Tenn.Crim.App.2006) (citing *State v. Armstrong*, 126 S.W.3d 908, 912 (Tenn.2003); *State v. Irwin*, 962 S.W.2d 477, 479 (Tenn. 1998); *Pendergrass*, 937 S.W.2d at 837–38;

*State v. Ogle*, No. E2000–00421–CCA–R3–CD, 2001 WL 38755, at *4 (Tenn.Crim. App. Jan. 17, 2001)); *State v. Peele*, 58 S.W.3d 701, 704 (Tenn.2001) ("After the trial court loses jurisdiction, generally it retains no power to amend a judgment"). If a party wishes to seek relief from a judgment during that time, he has the option of applying to the appellate court for an order of remand. *Spence*, 883 S.W.2d at 595; *see City of Memphis v. Civil Serv. Comm'n of the City of Memphis*, No. W2002–01556–COA–R3–CV, 2003 WL 22204496, at *2 (Tenn.Ct.App. Sept. 15, 2003). Absent an application for remand, the trial court's attempt to enter further orders addressing a party's Rule 60.02 motion is a nullity. *See Moore v. Teddleton*, 2006 WL 3199273, at *4. Additionally, "jurisdiction to modify a final judgment cannot be grounded upon waiver or agreement by the parties." *State v. Moore*, 814 S.W.2d at 382; *see also Chorost v. Chorost*, No. M2000–00251–COA–R3–CV, 2003 WL 21392065, at *4 (Tenn. Ct.App. June 17, 2003).

 In the instant case, out of an apparent abundance of caution, Myler filed a notice of appeal on September 12, 2006, on the same date he filed a motion for Rule 60 relief. Though this obviously was not the intended result, the filing of the notice of appeal caused the trial court to lose subject matter jurisdiction over the Rule 60 motion. Meanwhile, Myler's original appeal was dismissed by this Court on November 2, 2006, presumably for lack of timeliness. Mandate was issued to the trial court on January 8, 2007. A trial court reacquires jurisdiction over a case

---

2. Myler's Rule 60.02 motion was timely filed, because a motion for relief from judgment due to "mistake, inadvertence, surprise or excusable neglect" must be filed "not more than one year after the judgment, order or proceeding was entered or taken." Tenn. R. Civ. P. 60.02.

3. The filing of a notice of appeal does not prevent the trial court from ruling on ancillary matters relating to the enforcement or collection of its judgment. *See First Am. Trust*, 59 S.W.3d at 141, n. 8. This exception to the general rule is not implicated in this appeal.

after it receives a mandate from the appellate court.[4] *Earls v. Earls,* No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn.Ct.App. May 14, 2001). "Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been changed or modified by the appellate court." *Id.*

Thus, from the date the notice of appeal was filed until January 8, 2007, this Court had subject matter jurisdiction over this case. The trial court's decision denying Myler's request for Rule 60.02 relief was rendered on November 20, 2006, at a time when the trial court lacked subject matter jurisdiction over the case. Therefore, the order issued by the trial court was void, and the appeal must be dismissed. *See First Am. Trust,* 59 S.W.3d at 140.

The appeal is dismissed. Costs on appeal are to be taxed to Appellant Myler Church Building Systems, Inc., and its surety, for which execution may issue, if necessary.

---

4. According to Rule 42(a) of the Tennessee Rules of Appellate Procedure, a mandate consists of certified copies of the appellate court's judgment, any order as to costs or instructions as to interest, and the appellate court's opinion.