IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
March 28, 2012 Session

## STACY HARRIS v. THOMAS HALL

**Appeal from the Circuit Court for Williamson County**
**No. 198731      James G. Martin, III, Judge**

---

**No. M2011-01983-COA-R3-CV - Filed June 25, 2012**

---

The plaintiff from a case that was dismissed in 2002 by agreed order filed a motion nine years after the dismissal to "extend the judgment" from that case and for injunctive relief. The trial court denied the motion on the grounds that the court lacked jurisdiction to entertain it. The plaintiff appealed, and we affirm the trial court's judgment denying the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

PATRICIA J. COTTRELL, P.J., M.S., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

Stacy E. Harris, Nashville, Tennessee, for the appellant, Pro Se.

Stephen Doug Thurman, Roger Tyler May, Nashville, Tennessee, for the appellee, Thomas Hall.

**OPINION**

### I. BACKGROUND

Ms. Harris had a dispute with Thomas Hall sometime in the 1990s that led her to file a civil warrant in the Williamson County General Sessions Court. Mr. Hall was summoned to appear and answer for "intentional interference with another's business, outrageous conduct, [and] intentional and negligent infliction of severe emotional distress." The general sessions court dismissed the case after conducting a hearing, and Ms. Harris appealed her case to the Williamson County Circuit Court. Ms. Harris's concerns were ultimately resolved outside of court by the parties, and the trial court entered an Agreed Order of

Compromise and Settlement (the "Agreed Order") on December 26, 2002.[1] In the Agreed Order the trial court noted that the parties had compromised and settled all matters that were, or could have been, raised. The court then ordered the following:

1. Stacy Harris, a pro se claimant, willingly, knowingly and with lack of any undue influence entered into this compromise and settlement.

2. Thomas Hall denies any liability in connection with the alleged claims.

3. Both parties agree to keep all terms and conditions of this compromise and agreement confidential.

4. All matters and issues between and among the plaintiff, Stacy Harris and the defendant, Thomas Hall which were, or could have been raised in this action, including the claims embodied in the Complaint are DISMISSED WITH PREJUDICE.

On July 28, 2011, nine years and seven months after the Agreed Order was filed, Ms. Harris filed a motion seeking (1) to extend the Agreed Order for an additional ten years pursuant to Tennessee Rule of Civil Procedure 69.04 and (2) a mandatory injunction requiring Mr. Hall to "abide in all respects with the agreement reached by the parties which resulted in the Order of December 26, 2011 [sic]." Mr. Hall opposed Ms. Harris's motion on the grounds that the Agreed Order dismissed Ms. Harris's complaint nine years earlier, leaving the trial court with nothing to extend.

After a hearing, the trial court denied Ms. Harris's motion, stating:

This cause came to be heard on August 29, 2011, upon the Plaintiff's Motion to extend the judgment in this case and for issuance of an injunction. The Court, having heard argument of counsel, and upon review of the "Agreed Order of Compromise and Settlement" entered in this case on December 26, 2002, which states that "All matters and issues between and among the plaintiff, Stacy Harris and the defendant, Thomas Hall which were, or could have been raised in this action, including the claims embodied in the Complaint are DISMISSED WITH PREJUDICE," finds that it does not have jurisdiction to grant the relief requested. Therefore, it is hereby ORDERED that the Plaintiff's motion is denied.

---

[1] A description of the procedural history of this case can be found at *Harris v. Hall*, 2001 WL 1504893 (Tenn. Ct. App. Nov. 28, 2001).

Ms. Harris appealed the trial court's denial of her motion to this court.

## II. ANALYSIS

The trial court's judgment denying Ms. Harris's motion was based on an issue of law rather than fact. Therefore, we will review the trial court's judgment *de novo*, affording the trial court's conclusion no presumption of correctness. *See Whaley v. Perkins*, 197 S.W.3d 665, 670 (Tenn. 2006) (party appealing trial court's conclusion of law is entitled to *de novo* review, with no presumption of correctness); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993) (same).

### A. Tennessee Rule of Civil Procedure 69

Ms. Harris filed her motion within ten years of the Agreed Order's date of entry in the hopes of extending the agreement she and Mr. Hall apparently reached, as referenced in the Agreed Order, for another ten years. Ms. Harris claims she is entitled to relief pursuant to Rule 69.04 of the Tennessee Rules of Civil Procedure, which provides:

> Within ten years from entry of a judgment, the judgment creditor whose judgment remains unsatisfied may move the court for an order requiring the judgment debtor to show cause why the judgment should not be extended for an additional ten years. A copy of the order shall be mailed by the judgment creditor to the last known address of the judgment debtor. If sufficient cause is not shown within thirty days of mailing, another order shall be entered extending the judgment for an additional ten years. The same procedure can be repeated within any additional ten-year period until the judgment is satisfied.

Rule 69.04 expressly applies to judgment creditors and judgment debtors. The trial court did not award Ms. Harris money damages in her action against Mr. Hall, so she is not a judgment creditor, Mr. Hall is not a judgment debtor, and Ms. Harris has no right to an execution or garnishment. Rule 69.04 is designed to allow a judgment creditor to keep alive its right to collect from a judgment debtor. Rule 69.01 makes it clear that Rule 69 applies only to "executions and garnishments on legal and equitable interests in personalty, including intangibles, and realty to satisfy judgments in all courts in Tennessee." Again, there was no monetary judgment awarded in 2002 against which Ms. Harris could execute.

Accordingly, Rule 69 is inapplicable to this case and cannot provide Ms. Harris with the relief she seeks. As a practical matter, the 2002 order dismissed the prior case, so the only judgment is one of dismissal, an order that, by its nature, is self-executing and not capable of extension. Once a case is dismissed, it stays dismissed unless and until the dismissal

-3-

judgment is set aside.

**B. Jurisdiction Over Dismissed Action**

Ms. Harris argues the trial court erred in holding it was without jurisdiction to grant her the relief she sought. She relies on the fact that Mr. Hall did not contest any of the facts she set forth in her affidavit that was submitted in support of her motion. Without jurisdiction to hear her motion, however, the trial court had no authority to consider the merits of her position. Further, a party is not required to answer an invalid complaint.

A trial court retains jurisdiction over all matters in a case and over its orders until the judgment becomes final and is no longer able to be appealed. *Moon v. Keisling*, 2008 WL 4367557, at *2 (Tenn. Ct. App. Sept. 24, 2008) (citing *Hodge v. Hodge*, 2007 WL 3202769, at *4 (Tenn. Ct. App. Oct. 31, 2007)). "A judgment is final in Tennessee 'when it decides and disposes of the whole merits of the case leaving nothing for the further judgment of the court.'" *Creech v. Addington*, 281 S.W.3d 363, 377 (Tenn. 2009) (quoting *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W. 2d 446, 460 (Tenn. 1995) (further citation omitted)); *see Moon*, 2008 WL 4367557, at *2 (final judgment resolves all claims between all parties, leaving trial court with nothing more to do). A judgment becomes final in the trial court thirty days after it is entered if no post-trial motion or notice of appeal is filed. Tenn. R. Civ. P. 59; Tenn. R. App. P. 4; *Binkley v. Medling*, 117 S.W.3d 252, 254-55 (Tenn. 2003); *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Systems of the Midsouth, Inc.*, 266 S.W.3d 421, 424 (Tenn. Ct. App. 2007).

The effect of a final judgment is that "the trial court loses the right to exercise control over [the case] due to the fact that the judgment is final for the purposes of appeal and final as *res judicata* upon the facts then existing." *Moon*, 2008 WL 4367557, at *2 (quoting *Hodge*, 2007 WL 3202769, at *4). As we explained in *Hodge v. Hodge*:

> Once the judgment [becomes] final, the trial court no longer [has] the right to exercise jurisdiction over the matters formerly in dispute or parties thereto. Orders issued by a court without jurisdiction are void, and we are under an affirmative duty to vacate void orders without reaching the merits of the issues on appeal.

2007 WL 3202769 at *2 (citing *First American Trust Co. v. Franklin-Murray Dev. Co., L.P.*, 59 S.W.3d 135, 141 (Tenn. Ct. App. 2001)).

Ms. Harris filed neither a post-trial motion nor a notice of appeal within thirty days of

the Agreed Order's entry.[2]  The Agreed Order therefore became a final judgment as of January 25, 2003.[3]  After this date, the trial court no longer had jurisdiction to grant either of the parties any relief.

Lastly, Ms. Harris seeks an injunction pursuant to Rule 65 of the Tennessee Rules of Civil Procedure.  Rule 65, however, pertains to injunctive relief available to parties in an action pending before a trial court.  *See* Tenn. R. Civ. P. 65.04(2) (temporary injunction may be available during the pendency of an action if certain conditions are met); Tenn. R. Civ. P. 65.06 (restraining orders and injunctions are enforceable by a judge of the court where the action is pending).  Once the Agreed Order in this case became final, there was no longer a pending action and the trial court no longer had jurisdiction to provide Ms. Harris with any injunctive relief.

### III. CONCLUSION

For the reasons set forth above, we affirm the trial court's judgment denying Ms. Harris's motion to extend the Agreed Order for an additional ten years.  Costs of this appeal shall be assessed against the appellant, Stacy Harris, for which execution shall issue, if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

---

[2]Since the dismissal was entered by agreement, it is doubtful that a direct appeal would have been appropriate.

[3]Once a judgment becomes final, the only relief available to a party is a motion filed pursuant to Rule 60 of the Tennessee Rules of Civil Procedure.  Ms. Harris states in her brief that she does not seek relief pursuant to Rule 60.