# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned November 2, 2012

## SAMMIE NETTERS v. TENNESSEE BOARD OF PROBATION AND PAROLE

**Appeal from the Chancery Court for Davidson County**
**No. 1722I    Claudia Bonnyman, Chancellor**

---

**No. M2012-01591-COA-R3-CV - Filed November 7, 2012**

---

This appeal involves an inmate's petitions for writ of certiorari challenging the Board of Probation and Parole's decisions to deny him parole on two separate occasions. The trial court dismissed the inmate's claims related to one parole hearing but requiring further proceedings as to his claims related to the second parole hearing. Because the order appealed does not resolve all the claims between the parties, we dismiss the appeal for lack of a final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

PATRICIA J. COTTRELL, P.J., M.S., ANDY D. BENNETT, and RICHARD H. DINKINS, JJ.

Sammie Netters, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter and Pamela S. Lorch, Lead Counsel, for the appellee, Tennessee Board of Probation and Parole.

**MEMORANDUM OPINION**[1]

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Sammie I. Netters, an inmate in the custody of the Department of Correction, became eligible for parole in 2011. The Board of Probation and Parole conducted a parole hearing in February of 2011, and ultimately denied Mr. Netters parole. On June 1, 2011, Mr. Netters filed a Petition for Writ of Certiorari in the Chancery Court for Davidson County. While the petition was pending, however, the Board again considered Mr. Netters for parole at a hearing held on October 31, 2011. The Board again denied Mr. Netters parole. The Board filed a motion to dismiss the Petition for Writ of Certiorari asserting that Mr. Netters's claims regarding the February 2011 hearing were moot because he had been provided with the October 2011 hearing. Mr. Netters then filed a Motion to Supplement the Pleadings to include the October 2011 hearing and a Petition for Writ of Certiorari seeking review of the October 2011 decision and requesting that the matter be supplemented to the original petition.[2]

On June 15, 2012, the trial court dismissed Mr. Netters's claims regarding the February 2011 hearing. However, the trial court directed the Board to file the record from the October 2011 hearing. The order provided that the Board could move to dismiss the remaining claims or otherwise set the matter for a decision once the record was filed. The order also stated that the costs would be taxed in the final order. Mr. Netters filed his notice of appeal from the June 15, 2012 order on July 16, 2012. On August 6, 2012, the trial court entered a Case Management Order staying the matter pending notice from this court. The order provided that "it does not appear to the Court that there has been a final judgment in this matter that would allow an appeal", but that nevertheless, "jurisdiction attaches to the appellate court with the filing of the notice of appeal."

A party is entitled to an appeal as of right only after the trial court has entered a final judgment. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn.2003); *King v. Spain*, No. M2006-02178-COA-R3-CV, 2007 WL 3202757 at *8 (Tenn. Ct. App. October 31, 2007). A final judgment is a judgment that resolves all the claims between all the parties, "leaving nothing else for the trial court to do." *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997). An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d at 645.

The trial court's June 15, 2012 order clearly does not resolve all of Mr. Netters's claims. The order only dismisses a portion of the claims and contemplates further proceedings with respect to the remaining claims. The order is thus not a final judgment and

---

[2]The second petition was filed under the same case number as the first, and the trial court apparently considered both to be part of the same case.

is not appealable as of right pursuant to Tenn. R. App. P. 3. Moreover, the trial court's subsequent order staying the proceedings does not create a final appealable judgment.

The trial court correctly holds that, with certain exceptions, a trial court has no jurisdiction to act in a case once a notice of appeal has been filed and the case is pending before this court. *Born Again Church v. Myler*, 266 S.W.3d 421(Tenn. Ct. App. 2007). However, a notice of appeal filed prior to the entry of a final judgment is premature and is not effective until a final judgment is entered. Tenn. R. App. P. 4(d). A prematurely filed notice of appeal thus does not deprive the trial court of jurisdiction, and the trial court retains jurisdiction to resolve any unadjudicated claims. *Wilkes v. Shaw Enterprises, LLC*, M2006-01014-COA-R3-CV, 2008 WL 695882 at *12 (Tenn. Ct. App. Mar. 14, 2008); *Thompson v. Logan*, M2005-02379-COA-R3CV, 2007 WL 2405130 at *11 (Tenn. Ct. App. Aug. 23, 2007). To hold to the contrary would permit a party to deprive a trial court of jurisdiction and immediately halt or delay any proceeding in the trial court merely by filing a notice of appeal at any time, regardless of whether a final judgment has been entered or the party has even an arguable right to appeal.

The appeal is hereby dismissed for lack of a final judgment without prejudice to the filing of a new appeal once a final judgment has been entered. The case is remanded to the trial court for further proceedings. The costs of the appeal are taxed to Sammie I. Netters for which execution may issue.


PER CURIAM