FILED

02/08/2021

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
January 13, 2021 Session

## STATE OF TENNESSEE v. RICKEY LA RON HOUSTON-CHURCH (IN RE 911 BAIL BONDING, LLC, SURETY)

**Appeal from the Circuit Court for Montgomery County**
**No. CC-2017-CR-761      William R. Goodman, III, Judge**

_____

### No. M2019-01412-CCA-R3-CO

_____

On July 16, 2019, the trial court entered a final judgment in the amount of $50,000 against Appellant, 911 Bail Bonding, LLC, and Defendant, Rickey La Ron Houston-Church. Appellant filed a timely notice of appeal from the final judgment. Appellant then filed two motions in the trial court to exonerate bond. Following a hearing on the motions, the trial court "set aside" the $50,000 forfeiture in the final judgment and "reduced" the forfeiture to $15,000. On appeal, Appellant claims that the trial court abused its discretion "by not analyzing fault" when it only reduced the forfeiture to $15,000. We determine that the trial court lost subject matter jurisdiction to amend or modify its final judgment when Appellant filed a notice of appeal seeking relief from that judgment. Because Appellant failed to set forth any argument whatsoever regarding the final judgment, we affirm the July 16, 2019 final judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and TIMOTHY L. EASTER, JJ., joined.

Mark Olson, Clarksville, Tennessee, for the appellant, 911 Bail Bonding, LLC.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Helen Young, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## Procedural History

Appellant posted a $50,000 appearance bond so that Defendant could obtain release from custody pending trial. After Defendant failed to appear, the trial court issued a capias on August 16, 2018, for the arrest of Defendant. The court also issued a conditional forfeiture and a writ of *scire facias* "to notify [D]efendant and [Appellant] to show cause why the judgment shall not be made final." No answer was filed to the conditional forfeiture, and notice was given that a final judgment would be entered. On July 16, 2019, the trial court entered a final judgment in the amount of $50,000 against Defendant and Appellant. On August 7, 2019, Appellant filed a notice of appeal from the final judgment.

On August 16, 2019, Appellant filed a "Motion to Exonerate Bond," pursuant to Tennessee Code Annotated section 40-11-203(a), claiming that Appellant had been informed that Defendant "became very ill and was unable to care for himself, suffering from Multiple Sclerosis, and moved to be with his family in Sacramento, California." The motion claimed that Defendant, at the expense of Appellant, was remanded to the sheriff's department in Sacramento on August 15, 2019. On August 19, 2019, the trial court suspended "Luther E. Anderson d/b/a 911 Bail Bonding LLC" from writing any further bonds. On August 21, 2019, the court ordered Defendant to be transported to Montgomery County by agents of Appellant. On August 26, 2019, Appellant filed a "Second Motion to Exonerate Bond," claiming that Defendant had been remanded to the Montgomery County Sheriff's Department at the expense of Appellant. Following a hearing on August 30, 2019, the trial court reduced the forfeiture from $50,000 to $15,000.

## Analysis

On appeal, Appellant claims that "the trial court abused its discretion by virtue of not analyzing fault in accordance with Tennessee Code Annotated section 40-11-203(a) in considering [Appellant's] Second Motion for Exoneration." This claim seeks appellate review of an order entered after Appellant filed the notice of appeal from a final judgment. The State claims that the issue is not properly before this court because Appellant "did not appeal from the judgment from which it seeks relief" and that the trial court lost subject matter jurisdiction once the notice of appeal was filed. We agree with the State.

The notice of appeal "shall designate the judgment from which relief is sought[.]" Tenn. R. App. P. 3(f). In the notice of appeal filed in this case, Appellant designated that it was appealing from the July 16, 2019 final judgment. Upon the filing of the notice of appeal, the jurisdiction of the appellate court attaches, and the trial court loses jurisdiction.

*State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996); *Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 425 (Tenn. Ct. App. 2007). "Once the trial court loses jurisdiction, it generally has no power to amend its judgment." *Pendergrass*, 937 S.W.2d at 837. "It is well-settled that a judgment beyond the jurisdiction of a court is void." *State v. Boyd*, 51 S.W.3d 206, 210 (Tenn. Crim. App. 2000) (citing *Pendergrass*, 937 S.W.2d at 837).

Appellant argues that the trial court has the power to exonerate a bail bondsman "[a]fter the liability of the bail bondsman or surety has become fixed by forfeiture, and before payment" pursuant to Tennessee Code Annotated section 40-11-203(a), or even after "the judgment has been paid" pursuant to Tennessee Code Annotated section 40-11-204(a). We agree that, before the notice of appeal was filed, the trial court had subject matter jurisdiction to exonerate Appellant. *See e.g.*, *State v. Le Quire*, 672 S.W.2d 221, 222 (Tenn. Crim. App. 1984); *In re Gary's Bonding Co.*, No. M2011-00430-CCA-R3-CD, 2011 WL 4529645, at *1-2 (Tenn. Crim. App. Sept. 30, 2011); *State v. Abdirizak Omar Yussuf*, No. M2008-01161-CCA-R3-CD, 2009 WL 3672823, at *2-3 (Tenn. Crim. App. Nov. 5, 2009), *perm. app. denied* (Tenn. April 23, 2010). However, though obviously "not the intended result, the filing of the notice of appeal caused the trial court to lose subject matter jurisdiction" over the motions to exonerate. *Born Again Church & Christian Outreach Ministries, Inc.*, 266 S.W.3d at 425.

On appeal, Appellant did not address the merits of the July 16, 2019 final judgment or the ramifications of filing a notice of appeal from that judgment. Appellant did not file a reply brief in response to the State's assertion that the trial court lost jurisdiction once the notice of appeal was filed.

**Conclusion**

When Appellant filed the notice of appeal on August 7, 2019, the trial court lost subject matter jurisdiction to amend or modify its July 16, 2019 final judgment. We affirm the July 16, 2019 final judgment in the amount of $50,000.

_____
ROBERT L. HOLLOWAY, JR., JUDGE