IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 3, 2025

## RIMON ABDOU v. MARCY MCCOOL ET AL.

**Appeal from the Circuit Court for Davidson County
No. 19C2561, 20C2460     Lynne T. Ingram, Judge**

_____

### No. M2024-00905-COA-R3-CV

_____

The trial court entered an agreed order dismissing some of Appellant's claims with prejudice, an order granting Appellant's voluntary dismissal of all of his claims in two consolidated cases without prejudice, and an order awarding discretionary costs to Appellees. Appellant later sought relief from each of these orders pursuant to Rule 60 of the Tennessee Rules of Civil Procedure. In litigating the Rule 60 motion, Appellant filed a motion to disqualify Appellees' counsel and a motion to compel compliance with subpoenas he issued against his own prior counsel, and the parties filed cross-motions for sanctions. The trial court denied Appellant's Rule 60 motion, motion to disqualify, and motion to compel. The trial court also denied both motions for sanctions; however, Appellant was awarded his attorney's fees in opposing Appellees' motion. Discerning no reversible error, we affirm the trial court's ruling in all respects. Appellees are also awarded their attorney's fees for defending this frivolous appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., C.J., and JOHN W. MCCLARTY, P.J., E.S. joined.

Shelley S. Breeding and Kassadi B. Lavrinovich, Knoxville, Tennessee, for the appellant, Rimon Abdou.

Mark W. Honeycutt, II, Nashville, Tennessee, for the appellees, Marcy McCool, Kelly Anne Brown, Steven Paul Brown, James Leonard Wood III, and Laura Brooke Watts.

## OPINION

### I. FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from a string of proceedings following the 2016 divorce of Plaintiff/Appellant Rimon Abdou ("Appellant") and Defendant/Appellee Laura Brooke Watts. The limited scope of the parties' appellate issues will be reflected in our recitation of this case's history.[1]

In July 2017, Appellant initiated "the First Assault Case" in the Davidson County Circuit Court ("the trial court") against Defendants/Appellees Marcy McCool, Kelly Anne Brown, Steven Paul Brown, and James Leonard Wood, III (collectively, "the Defendants," and together with Ms. Watts, "Appellees"). The complaint asserted claims of assault, battery, intentional infliction of emotional distress, and trespass, based on events involving the distribution of marital property following the divorce. Appellant voluntarily dismissed the case in September 2019. Appellant then renewed the same allegations against the Defendants in October 2019 in "the Second Assault Case."

In November 2020, Appellant filed a verified complaint for injunctive relief against Ms. Watts in "the Medical Records Case," alleging that Ms. Watts had improperly sought access to Appellant's medical records for the benefit of the Defendants' defense in the Second Assault Case. Appellant sought both a temporary and a permanent injunction prohibiting Ms. Watts from contacting his medical providers.

In April 2021, the trial court entered an agreed order of partial dismissal in the Second Assault Case, dismissing several of Appellant's claims with prejudice but preserving several others.

Both cases were set to be heard in September 2022.[2] However, Appellant's counsel in the Medical Records Case withdrew from the representation in June 2022, and Appellant's counsel in the Second Assault Case withdrew in August 2022.[3] Appellant subsequently filed a notice of voluntary dismissal in both cases. The trial court entered orders dismissing both cases without prejudice on September 12, 2022.

Shortly thereafter, Appellees filed post-judgment motions in each case, requesting their discretionary costs and orders staying any new proceedings pending the payment of

---

[1] We note with appreciation the trial court's efforts to summarize the extensive record in its orders.

[2] Appellant asked for the Second Assault Case to be consolidated with the Medical Records Case, which request was denied. The trial court later granted Ms. Watts's request to consolidate the two cases solely for purposes of trial.

[3] Appellant asserts that he privately terminated his counsel in the Second Assault Case in November 2021, based on their alleged failure to fully represent his interests. Appellant then filed a notice of pro se appearance in July 2022, leading to the attorneys' formal withdrawal in August 2022. Appellant takes special issue with the timing of the attorneys' ultimate withdrawal from the representation, as well as their conduct prior to and at the time of withdrawal, as discussed more, *infra*.

costs. The trial court granted both motions over Appellant's objection on October 3, 2022. The Defendants were awarded $3,286.60 in discretionary costs, and Ms. Watts was awarded $727.70 in discretionary costs.[4]

Appellant appealed these orders on November 3, 2022. He then voluntarily dismissed the appeal. By order of September 12, 2023, this Court granted the dismissal and declined to award frivolous appeal damages to Appellees. *See **Abdou v. Brown***, No. M2022-01545-COA-R3-CV (Tenn. Ct. App. 2022).[5]

Instead of pursuing the appeal, Appellant filed a pro se motion for relief pursuant to Rule 60 of the Tennessee Rules of Civil Procedure on September 1, 2023. Although Appellant filed only a single motion, he listed the docket numbers of both the Second Assault Case and the Medical Records Case on his motion. The trial court at all times treated Appellant's motion as having been filed in both cases and essentially treated the cases as consolidated from this point forward, over Appellees' objection.[6]

In his motion, Appellant sought relief from (1) the April 2021 agreed order of partial dismissal entered in the Second Assault Case; (2) the two September 2022 orders of voluntary dismissal; and (3) the two October 2022 orders awarding discretionary costs. Appellant detailed numerous allegations against his prior attorneys in the motion, asserting that his September 2022 filing for voluntary dismissal should be rescinded as the result of unclear and improper representation rather than an actual desire to dismiss his case. This same "bad advice" caused the April 2021 dismissal of some of his claims in the Second Assault Case to be with prejudice, despite his intention to eventually re-raise those claims. Appellant also argued that Appellees had not properly supported their motions for discretionary costs and that the trial court's October 2022 orders awarding the costs did not contain sufficient findings of fact and conclusions of law. Ultimately, Appellant posited that "equity require[d] that the entire matter be re-opened, the tainted orders set aside, and for this matter to be relitigated anew—placing him in the position he would have been but-for the unconscionable conduct of [his] former counsel."[7]

---

[4] From our review, neither Ms. Watts's motion for costs nor the order granting the motion are included in the appellate record. However, there is no dispute regarding the contents or filing of these documents.

[5] The mandate remanding the case to the trial court "for further proceedings and final determination therein" was issued on November 28, 2023.

[6] The record on appeal contains the record from both cases.

[7] Appellant also renewed his allegations against the Defendants in a third case, filed on September 11, 2023. *See **Abdou v. Brown***, No. M2023-01593-COA-R3-CV, 2024 WL 4259320, at *2 (Tenn. App. Sept. 23, 2024). The trial court granted the Defendants' motion to dismiss the case with prejudice, finding that the action was commenced outside the statute of limitations, having been filed more than one year from the entry of the order dismissing the First Assault Case. *Id.* This Court affirmed the dismissal. *Id.* at *4 (quoting **Payne v. Matthews**, 633 S.W.2d 494, 496 (Tenn. Ct. App. 1982) (holding that "regardless of how an inconclusive dismissal of an action is had, in order for a suit to survive, it must have been filed within one year of the date of dismissal of the original action")).

Appellees opposed the Rule 60 motion as untimely and unsupported by the record, arguing that the contested judgments resulted from Appellant's own conscious decisions. Appellees then filed a motion for sanctions, arguing that Appellant's Rule 60 motion had been filed for the improper purpose of harassment and without evidentiary support. As relief, Appellees sought their attorney's fees and costs and an order requiring any future filings by Appellant to be screened prior to entry to prevent further harassment.

Appellant, now represented by counsel, opposed the motion for sanctions. He then filed his own motion for monetary sanctions, arguing that Appellees' motion had been filed for an improper purpose and demonstrated "bad faith and personal animosity towards [Appellant] that cannot be ignored."

Appellant filed a motion to disqualify Appellees' counsel, attorney D. Randall Mantooth in October 2023. Appellant argued that Attorney Mantooth was a necessary witness in the litigation of his Rule 60 motion, able to offer testimony regarding the circumstances of each of the contested judgments. Appellees opposed the motion, arguing that the motion was untimely, that Attorney Mantooth's testimony was not necessary, and that disqualification would cause significant hardship. Subpoenas were thereafter issued, directing Attorney Mantooth and Appellant's previous counsel in the Second Assault Case, non-party attorneys Frank Brazil and Wesley Clark, to appear and produce certain records.

After Attorneys Brazil and Clark opposed the subpoenas, Appellant filed a motion to compel their compliance. The attorneys initially opposed the motion, but later supplemented their response to indicate that they had produced the requested documents.[8]

In January 2024, the trial court judge recused herself, and the case was re-assigned. The trial court then denied the motion to compel by order of April 8, 2024, finding that there was no "good faith effort to resolve the discovery dispute prior to the filing of the Motion; that these non-parties ha[d] substantially complied with the subpoena[s] by producing ninety-two pages of documents responsive to same; and that the process of discovery rests within the sound discretion of the trial court."

The trial court denied Appellant's motion to disqualify Attorney Mantooth by order of April 10, 2024. Despite finding that the motion "was filed in a timely manner," the trial court found that "the significant number of exhibits in the record demonstrate[d] a lack of proof that additional relevant and necessary information would be gained" from Attorney Mantooth's deposition, such that he was not a necessary witness.[9]

---

[8] Appellant filed a supplemental brief in support of his Rule 60 motion, including the documents and asserting they reinforced his request for relief.

[9] We note that Appellees filed a motion of substitution of counsel on April 30, 2024, based on Attorney Mantooth's retirement from the practice of law.

By order of May 31, 2024, the trial court denied the parties' cross-motions for sanctions. The trial court found that Appellees had failed to prove that Appellant's Rule 60 motion was filed for an improper purpose and that Appellant had failed to prove that Appellees' motion for sanctions was filed for an improper purpose. The trial court awarded Appellant his reasonable expenses and attorney's fees incurred in opposing Appellees' motion for sanctions but held that the parties would be responsible for their own fees related to Appellant's motion for sanctions. Eventually, the trial court awarded Appellant $6,041.65 in attorney's fees and expenses.[10]

By separate order of May 31, 2024, the trial court denied Appellant's Rule 60 motion as to each of the contested judgments. The trial court found that the April 2021 order dismissing several of Appellant's claims with prejudice was not the result of clerical error, mistake, or extraordinary circumstances. The trial court also found that the September 2022 dismissal of both the Second Assault Case and the Medical Records Case resulted from Appellant's "free, calculated, and deliberate choice." Finally, the trial court found no procedural deficiency or clerical error in the October 2022 orders awarding discretionary costs to Appellees. This appeal followed.

## II. ISSUES PRESENTED

Appellant raises four issues on appeal:

1. Whether the trial court erred in denying his Rule 60 motion.
2. Whether the trial court erred in denying his motion to compel compliance with the subpoena, thereby "limiting discovery relating to his former counsel."
3. Whether the trial court erred in refusing to disqualify Appellees' former counsel, Attorney Mantooth.
4. Whether the trial court abused its discretion by denying his Rule 11 motion for sanctions and refusing to award attorney's fees.

Appellees raise an additional four issues:

1. Whether this appeal is frivolous under Tennessee Code Annotated section 27-1-122.
2. Whether an appeal dismissed under Tennessee Rule of Appellate Procedure 15 is a dismissal with prejudice.
3. Whether the trial court abused its discretion in awarding Appellant sanctions.
4. Whether Appellant failed to timely file his first appeal.

## III. STANDARD OF REVIEW

A trial court's denial of a Rule 60 motion is reviewed for an abuse of discretion.

---

[10] This award is discussed in further detail, *infra*.

*Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). So too are motions to compel, *Starnes v. Akinlaja*, 680 S.W.3d 235, 241 (Tenn. App. 2023), and motions for sanctions. *Brown v. Shappley*, 290 S.W.3d 197, 200 (Tenn. App. 2008). Motions to disqualify are generally also reviewed using the abuse of discretion standard. *State v. Spears*, No. E2017-01836-CCA-R9-CD, 2018 WL 3528315, at *3 (Tenn. Crim. App. July 23, 2018) (involving the attorney's status as a necessary witness). *But see In re Ellis*, 822 S.W.2d 602, 605–06 (Tenn. App. 1991) (noting that this deference does not apply "when the facts are undisputed and the conduct at issue does not directly involve conduct in open court") (involving the attorney's authority to represent the client).

"Under the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to propriety of the decision made.'" *Eldridge v. Eldridge*, 42 S.W.3d 82, 85 (Tenn. 2001) (quoting *State v. Scott*, 33 S.W.3d 746, 752 (Tenn. 2000); *State v. Gilliland*, 22 S.W.3d 266, 273 (Tenn. 2000)). An abuse of discretion occurs only when the trial court "causes an injustice to the party challenging the decision by (1) applying an incorrect legal standard, (2) reaching an illogical or unreasonable decision, or (3) basing its decision on a clearly erroneous assessment of the evidence." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010) (citations omitted). "This deferential standard 'reflects an awareness that the decision being reviewed involved a choice among several acceptable alternatives,' and thus 'envisions a less rigorous review of the lower court's decision and a decreased likelihood that the decision will be reversed on appeal.'" *Henderson v. SAIA, Inc.*, 318 S.W.3d 328, 335 (Tenn. 2010) (quoting *Lee Med.*, 312 S.W.3d at 524). Reviewing a decision for an abuse of discretion does not allow this Court to substitute its discretion for that of the trial court, *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 927 (Tenn. 1998), but neither is the trial court's decision immunized from meaningful review. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 212 (Tenn. App. 2002) (citation omitted).

## IV. ANALYSIS

### A. Subject Matter Jurisdiction

As an initial matter, we must briefly address Appellees' arguments regarding the trial court's subject matter jurisdiction, as any orders entered by a court without subject matter jurisdiction are void and must be vacated without reaching their merits. *See Born Again Church & Christian Outreach Ministries, Inc. v. Myler Church Bldg. Sys. of the Midsouth, Inc.*, 266 S.W.3d 421, 424 (Tenn. App. 2007). Appellees argue that because Appellant voluntarily dismissed his first appeal, the trial court did not have the authority to reconsider any issues ripe for adjudication when that appeal was filed or to amend any of the decisions implicated in the appeal.

Appellees are correct that a voluntary dismissal of an appeal pursuant to Tennessee Rule of Appellate Procedure 15 is generally with prejudice, such that the issues decided on

appeal are not susceptible to reconsideration on remand. *See **Brown v. Brown***, No. M2012-02084-COA-R3-CV, 2014 WL 1017509 (Tenn. App. Mar. 13, 2014). Appellees place great stock in ***Brown***, presumably because it also involved a Rule 60 motion and a second appeal. However, in that case, the first appeal stemmed from the denial of the defendant's Rule 60 motion; he later voluntarily dismissed the appeal. *Id.* at *3. On remand, the trial court reheard the matter, set aside its denial of the Rule 60 motion, and ultimately modified the underlying order. *Id.* at *4. After the plaintiff appealed from these post-remand orders, this Court determined that "because the appellate court [in the first appeal] had in effect affirmed the lower court's denial of [the defendant's] Rule 60.02 motion, under the law of the case doctrine, the Chancery Court was precluded from reconsidering that decision." *Id.* at *8. Thus, the trial court's post-remand orders relating to the Rule 60 motion were vacated as void. *Id.*

That is simply not what occurred in this case. Here, Appellant's Rule 60 motion was filed well after Appellant filed his first appeal and around the time that the appeal was dismissed, as discussed *infra*. As such, the Rule 60 motion was not a matter at issue when the first appeal was filed and could not have been affirmed by virtue of the dismissal of that appeal. *See **Nesmith v. Clemmons***, No. M2021-01030-COA-R3-CV, 2023 WL 194827, at *11 (Tenn. App. Jan. 17, 2023) (noting that Rule 60 motions have repeatedly been characterized "as collateral to the underlying action" (collecting cases)). Thus, the same finality concerns are not at issue here.[11]

To the extent that Appellees argue that the trial court lost subject matter jurisdiction over the case once Appellant perfected his first appeal, that argument is also, respectfully, without merit. It is true that a trial court loses jurisdiction to make substantive rulings in a case once an appeal is perfected. ***Born Again Church***, 266 S.W.3d at 425 (explaining that "[o]nce the notice of appeal was filed, the jurisdiction of [the appellate] court attached, and, correlatively, the trial court lost jurisdiction" (alterations in original) (quoting ***State v. Snowden***, No. W2005-01851-CCA-R3-CD, 2006 WL 1303946, at *2 (Tenn. Crim. App. May 11, 2006))). A trial court's attempt to enter further substantive orders during the pendency of an appeal is "a nullity." *Id.*

Nevertheless, "[a] trial court reacquires jurisdiction over a case after it receives a mandate from the appellate court."[12] *Id.* at 425–26 (citing ***Earls v. Earls***, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001)). "Once the mandate reinvests the trial court's jurisdiction over a case, the case stands in the same posture it did before the appeal except insofar as the trial court's judgment has been

---

[11] Our determination that this appeal does not improperly reconsider the orders rendered final by the voluntary dismissal of Appellant's first appeal also disposes of Appellees' argument that the first appeal was untimely.

[12] Under the Tennessee Rules of Appellate Procedure, a "mandate" is comprised of certified copies of the appellate court's judgment and opinion and any order as to costs or instructions as to interest. Tenn. R. App. P. 42(a).

changed or modified by the appellate court." **Earls**, 2001 WL 504905, at *3; *see also* Tenn. R. App. P. 43(b) ("When the appellate court dismisses the appeal or affirms the judgment and the mandate is filed in the trial court, execution may issue and other proceedings may be conducted as if no appeal has been taken.") Once the mandate issues and the case is remanded to a trial court, the trial court has jurisdiction "to conduct further proceedings . . . not in conflict with the higher courts' decisions." **Pearson v. Koczera**, No. E2015-02081-COA-R3-CV, 2016 WL 5343958, at *6 (Tenn. App. Sept. 23, 2016) (finding that once the mandate issued, the trial court possessed the subject matter jurisdiction to review, inter alia, a Rule 60 motion); *see also* **Prendergast v. State**, No. M2013-02869-CCA-R3-ECN, 2015 WL 9488423, at *7 (Tenn. Crim. App. Dec. 29, 2015) ("This court has jurisdiction to remand a controversy for further proceedings.").

Although Appellant filed his Rule 60 motion while jurisdiction over this case was still with this Court, the record contains nothing to suggest that *the trial court* took any action during the pendency of Appellant's first appeal.[13] The appeal was filed in November 2022, the appeal was dismissed by order of September 2023, and the case was remanded to the trial court by mandate of November 2023. The trial court filed its first order following the October 2022 awards of discretionary costs in January 2024, when the trial court judge recused herself, and the cases were reassigned. The next subsequent order came in March 2024, when the post-remand motions were set for hearing. The orders adjudicating those motions, filed in April and May 2024, did not conflict with this Court's mandate that the case be remanded to the trial court "for further proceedings and final determination therein." *See* **Prendergast**, 2015 WL 9488423, at *7 ("Because this court, in its mandate, ordered the post-conviction court to hold 'further proceedings' and to make 'a final determination,' we conclude that the post-conviction court had jurisdiction to hold the post-conviction hearing from which the petitioner appeals, and we likewise have jurisdiction to consider the timely appeal of the denial of post-conviction relief."). Thus, the trial court did not exceed its subject matter jurisdiction in entering the orders at issue in this appeal.

### B. Relief From Final Judgment

We turn next to Appellant's argument that the trial court erred in denying his Rule 60 motion. Motions under Rule 60 allow a litigant to seek relief from a final judgment. *See* **Henry v. Goins**, 104 S.W.3d 475, 479 (Tenn. 2003) (holding that once a judgment becomes final, a Rule 60 motions becomes a litigant's "*sole* avenue for relief from the [judgment]" (emphasis added)). In doing so, the Rule aims "to strike a proper balance between the competing principles of finality and justice." **Jerkins v. McKinney**, 533 S.W.2d 275, 280 (Tenn. 1976). A party seeking relief under Rule 60 bears the burden of proving its

---

[13] Appellant's motion was, however, premature. *See* **Granoff v. Granoff**, No. E2013-02598-COA-R3-CV, 2014 WL 4792652, at *5 n.2 (Tenn. App. Sept. 26, 2014) ("As for a post-judgment motion filed by Wife with the trial court during the pendency of this appeal, . . . the motion is premature inasmuch as jurisdiction over this matter will return to the trial court only upon remand from this Court." (citing Tenn. Code Ann. § 21-1-810 (2009); **Parish v. Marquis**, 137 S.W.3d 621, 624 (Tenn. 2004))).

entitlement to such relief by clear and convincing evidence. ***Henderson***, 318 S.W.3d at 336 (citing ***McCracken v. Brentwood United Methodist Church***, 958 S.W.2d 792, 795 (Tenn. Ct. App. 1997)). "Evidence is clear and convincing when it leaves 'no serious or substantial doubt about the correctness of the conclusions drawn.'" ***Id.*** (quoting ***Goff v. Elmo Greer & Sons Constr. Co.***, 297 S.W.3d 175, 187 (Tenn. 2009)).

Under Rule 60.01, "[c]lerical mistakes in judgments, orders or other parts of the record, and errors therein arising from oversight or omissions, may be corrected by the court at any time on its own initiative or on motion of any party and after such notice, if any, as the court orders." Tenn. R. Civ. P. 60.01. "Rule 60.01 is designed to afford relief in cases in which the judgment or order, either standing alone or when viewed in connection with other portions of the record, shows facial errors arising from oversight or omission." ***Continental Cas. Co. v. Smith***, 720 S.W.2d 48, 49 (Tenn. 1986) (quoting ***Jerkins***, 533 S.W.2d at 280). Rule 60.01 "is intended to be used to correct errors in a judgment which cause the judgment to fail to reflect the court's ruling accurately," ***Addington v. Staggs***, No. 88-214-II, 1989 WL 5453, at *3 (Tenn. Ct. App. Jan. 27, 1989), whether those errors are "inclusions, transpositions, or the leaving out of something the judge intended should go into the order." ***Id.*** at *2 (citation omitted); *see also* ***Bullington v. Hudson***, No. M1888-02772-COA-R3-CV, 2000 WL 489553 at *4 (Tenn. Ct. App. Apr. 26, 2000) ("Rule 60.01 has consistently been used to provide relief from judgments flawed by mechanical errors such as a spelling mistake or the insertion of an incorrect number or letter.").

As relevant here, Rule 60.02 provides that:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02. "Rule 60.02 is not meant to be used in every case in which the circumstances of a party change after the entry of a judgment or order" or by parties "merely dissatisfied with the result of a particular case." ***Toney v. Mueller Co.***, 810 S.W.2d 145, 146 (Tenn. 1991). So although Rule 60.02 has been described as an "escape valve from possible inequity that might otherwise arise from the unrelenting imposition of the principle of finality imbedded in our procedural rules," ***Thompson v. Firemen's Fund Ins. Co.***, 798 S.W.2d 235, 238 (Tenn. 1990), that valve "should not be easily opened."[14] ***Toney***,

---

[14] In his brief, Appellant adds that Rule 60.02 motions should be construed "more liberally when relief is sought from dismissals based on procedural grounds—such as default or nonsuit—rather than from judgments entered after a trial on the merits." (Citing ***Henry v. Goins***, 104 S.W.3d 475, 481 (Tenn. 2003)).

810 S.W.2d at 146.

While Rule 60.02(1) allows for relief based on mistake, inadvertence, surprise, or excusable neglect, "a party 'must make some showing of why he was justified in failing to avoid mistake or inadvertence. Gross carelessness is not enough. Ignorance of the rules is not enough, nor is ignorance of the law.'" *Kilby v. Sivley*, 745 S.W.2d 284, 287 (Tenn. Ct. App. 1987) (quoting 11 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2858 (1973)). Generally, for a party's mistaken belief to justify relief, the party must be "unaware of the operative facts[,]" rather than merely "unaware of the legal consequences arising from these facts." *Madu v. Madu*, No. M1999-02302-COA-R3-CV, 2000 WL 1586461, at *5 (Tenn. App. Oct. 25, 2000) (citations omitted).

Similarly, the open-ended language in Rule 60.02(5) has been construed narrowly, "to be invoked only in cases of overwhelming importance, or those involving extraordinary circumstances or extreme hardship." *Underwood*, 854 S.W.2d at 97 (citations omitted). The section "affords relief in the most extreme, unique, exceptional, or extraordinary cases and generally applies only to circumstances other than those contemplated in sections (1) through (4) of Rule 60.02." *Furlough v. Spherion Atl. Workforce, LLC*, 397 S.W.3d 114, 128 (Tenn. 2013) (quoting *Holiday v. Shoney's S., Inc.*, 42 S.W.3d 90, 94 (Tenn. Ct. App. 2000)). "The standards of Rule 60.02(5) are more demanding than those applicable to the other grounds for Rule 60.02 relief." *Hussey v. Woods*, 538 S.W.3d 476, 486 (Tenn. 2017) (citing *In re Joeda J.*, 300 S.W.3d 710, 716 (Tenn. Ct. App. 2009)). A party may not rely on Rule 60.02(5) to revive an untimely Rule 60.02(1) or (2) request for relief. *Wallace v. Aetna Life & Cas. Co.*, 666 S.W.2d 66, 67 (Tenn. 1984). Nor can a Rule 60.02(5) motion "be used to relieve a party from free, calculated, and deliberate choices he has made; a party remains under a duty to take legal steps to protect his own interests." *Hussey*, 538 S.W.3d at 486 (internal quotation marks omitted) (quoting *Banks v. Dement Constr. Co.*, 817 S.W.2d 16, 19 (Tenn. 1991)).

### i. April 2021 Partial Dismissal With Prejudice

---

In discussing this general principle, the *Henry* court was explicitly addressing default judgments and dismissals for failure to prosecute. *Id.* The court explained that such liberality was called for in the face of a request for Rule 60 relief from these rulings as "[b]oth dismissals [for failure to prosecute] and default judgments are drastic sanctions[,]" running "counter to the judicial system's general objective of disposing of cases on the merits." *Id.* (citing *Childress v. Bennett*, 816 S.W.2d 314, 316 (Tenn. 1991) (observing that "it is the general rule that courts are reluctant to give effect to rules of procedure . . . which prevent a litigant from having a claim adjudicated upon its merits")). From this analysis, we gather that it is not merely the fact that the underlying case was not heard on its merits that warrants a more liberal review of a Rule 60 motion, but rather that the trial court declined to consider the merits of a parties' claim or defense following some inaction by the parties. In this case, however, the Second Assault Case and the Medical Records Case were voluntarily dismissed by Appellant. As such, it was not the trial court that prevented the underlying claims from being adjudicated on their merits, and no additional liberality is required in reviewing Appellant's Rule 60 motion. *Cf.* Tenn. R. App. P. 36(a) (directing that a party is not entitled to relief from an error of its own making).

The earliest judgment contested by Appellant in his Rule 60 motion is the April 2021 dismissal with prejudice of some of his claims in the Second Assault Case. Appellant argues that the dismissal being with prejudice, rather than without prejudice, was a clerical error entitling him to relief under Rule 60.01. Alternatively, Appellant argues that his mistaken understanding that the claims would be dismissed without prejudice entitles him to relief under Rule 60.02(1). And Appellant relies on the "totality of the circumstances and the gravity of the errors of counsel" as the basis for Rule 60.02(5) relief.

The trial court found that Appellant failed to provide clear and convincing evidence of a clerical mistake. Throughout his argument, Appellant focuses on the alleged "bad advice of his hired counsel," certain "incomplete and misleading definitions" allegedly provided during his deposition by Attorney Mantooth, and his belief that the dismissal was to be without prejudice. Respectfully, these circumstances do not eliminate all "serious or substantial doubt" that the alleged mistake was the result of a mechanical or typographical error. *Henderson*, 318 S.W.3d at 336. Appellant has not directed this Court to any part of the record showing that the order as entered did not reflect the agreement reached by the parties or the intention of the trial court.[15] *See id.*; *see also Mabry v. Mabry*, No. 03A01-9106CH207, 1992 WL 24995, at *1 (Tenn. Ct. App. Feb. 14, 1992) ("It is not incumbent upon this Court to sift through the record in order to find proof to substantiate the factual allegations of the parties."); *Lacy v. Big Lots Stores, Inc.*, No. M2019-00419-COA-R3-CV, 2023 WL 163974, at *3 (Tenn. Ct. App. Jan. 12, 2023) ("We have no duty 'to verify unsupported allegations in a party's brief or to research and construct the party's argument.'" (quoting *Chiozza v. Chiozza*, 315 S.W.3d 482, 489 (Tenn. Ct. App. 2009)). Instead, Appellant puts forth only his personal understanding of the nature of the dismissal. Rule 60.01 "does not apply to altering the plain meaning of a judgment or order on a subjective rationale[.]" *Williams v. Williams*, No. 03A01-9105CV00182, 1991 WL 253301, at *2 (Tenn. App. Dec. 3, 1991). We therefore find no support for relief under Rule 60.01.

Next, the trial court found that Appellant was time-barred from seeking relief under Rule 60.02(1). *See* Tenn. R. Civ. P. 60.02 (requiring motions alleging mistake, inadvertence, or excusable neglect under section (1) to be made "not more than one year after the judgment, order or proceeding was entered or taken"). Appellant's September 2023 Rule 60 motion was filed more than one year after the April 2021 entry of the order of partial dismissal. However, Rule 60 only contemplates relief from a final judgment. *See Henry*, 104 S.W.3d at 479. Looking to guidance regarding the application of Rule 60 of

---

[15] Indeed, Appellant wholly fails to include even a citation to the contested judgment in either his initial brief or his reply brief. *Cf.* Tenn. R. Ct. App. 6(b) (providing that no "complaint of or reliance upon action by the trial court" or "assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record" where the action or support for the fact is recorded). And as discussed, *infra*, the citations Appellant does include are primarily to earlier motions raising the same issues, rather than to evidence of the complained-of conduct itself.

the Federal Rules of Civil Procedure, it seems that the one-year limitation period begins to run upon the entry of the final judgment in the case, not from the entry of an interlocutory dismissal order. *See* Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1) [involving mistake, inadvertence, surprise, or excusable neglect], (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); ***Argila v. Mach Group, Inc.***, 740 F. Supp. 3d 128, 133 (E.D.N.Y. 2024) (finding a Rule 60(b) motion timely when it was filed more than one year after the trial court's entry of an agreed stipulation of settlement and dismissal between certain parties, but less than one year after the entry of the judgment against the sole remaining defendant (citing ***Harbec v. N. Country Hosp. & Health Pracs.***, No. 19-cv-61 (GWC), 2021 WL 6331842, at *7 (D. Vt. Nov. 17, 2021) (concluding that Rule 60(c)(1) "does not anticipate Rule 60(b) filings from interlocutory orders prior to final judgment"); 11 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 2866 (3d ed. 2024) ("The one-year limit on motions under the first three clauses [of Rule 60(b)] runs from the date the judgment was entered in the district court."))); ***Chrysler Credit Corp. v. Macino***, 710 F.2d 363, 366 (7th Cir. 1983) ("Rule 60 can have relevance only after the final judgment has been entered."); *see also* ***Henderson v. Bush Bros. & Co.***, 868 S.W.2d 236, 237 (Tenn. 1993) (noting that "even though federal decisions are not binding upon the state courts, we find assistance in reviewing cases concerning rules of procedure which have been in effect in the federal courts from many years"). It would therefore appear that Appellant's Rule 60 motion, filed within one year of the final judgment in this case,[16] was not necessarily untimely.

Still, "motions under Rule 60.02(1) and (2) must be filed *both* within a reasonable time *and* within one year after the judgment or order was entered." ***Rogers v. Est. of Russell***, 50 S.W.3d 441, 445 (Tenn. App. 2001) (citing ***Dunlap v. Dunlap***, 996 S.W.2d 803 (Tenn. Ct. App. 1998); ***Wooley v. Gould, Inc.***, 654 S.W.2d 669, 670 (Tenn. 1983), *overruled on other grounds by* ***Betts v. Tom Wade Gin***, 810 S.W.2d 140 (Tenn. 1991)). "Rule 60.02 does not 'permit a litigant to slumber on her claims and then belatedly attempt to relitigate issues long since laid to rest.'" ***Furlough***, 397 S.W.3d at 128 (quoting ***Thompson***, 798 S.W.2d at 238). "A Rule 60.02(1) motion filed within the one-year limitation may be considered untimely 'if the trial court finds, as a matter of fact, that the movant has not acted reasonably and that he could have fairly and reasonably been expected to file the motion much more promptly.'" ***Walker v. Nissan N.A., Inc.***, No. M2009-00273-COA-R3-CV, 2009 WL 2589089, at *2 (Tenn. App. Aug. 21, 2009) (quoting ***Wooley***, 654 S.W.2d at 670). Here, Appellant asserts that he "was left unaware for more than a year that the order was entered 'with prejudice[,]'" and that he began attempting to rescind the order "[i]mmediately upon discovery" and "attempted to raise the issue numerous times prior to filing his notice of appeal." Yet, Appellant offers no citation to such actions. *See* ***Mabry***, 1992 WL 24995, at *1; ***Lacy***, 2023 WL 163974, at *3. And

---

[16] The timeliness of Appellant's Rule 60 motion in relation to the entry of a final judgment in this case is discussed more in depth, *infra*.

the record does not contain a motion to alter or amend the interlocutory order of dismissal under Rule 54.02, which would have been the proper method for seeking relief from the non-final order in a much more prompt manner. *See **Discover Bank v. Morgan***, 363 S.W.3d 479, 488 (Tenn. 2012) (noting that "motions seeking relief from a trial court's decision adjudicating fewer than all the claims, rights, and liabilities of all the parties, should be filed pursuant to Rule 54.02" (citing Tenn. R. Civ. P. 54.02 ("[A]ny order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties."))). The almost two years Appellant waited after the contested order of partial dismissal was entered to file a Rule 60 motion does not strike this Court as a particularly reasonable delay.[17]

Moreover, in support of his claim for relief, Appellant highlights various allegedly unethical and negligent actions by his former counsel in November and December 2021 and July and August 2022, primarily in relation to counsel's delayed withdrawal shortly before trial, as evidence of the extraordinary and unique circumstances requiring relief from each of the contested orders.[18] As Rule 60.02 provides for relief "*from* a final judgment," however, generally the grounds for relief "must have occurred at or before the entry of the final judgment and must have resulted in the judgment's entry." ***Henry***, 104 S.W.3d at 480 (quoting Tenn. R. Civ. P. 60.02 (emphasis added)). Simply put, allegations of later ineffective or negligent representation are not evidence that an earlier order must be vacated for the sake of justice. Thus, while Appellant's request for relief from the April 2021 agreed order of partial dismissal may not have been time-barred by the one-year limitations period for claims of mistake or excusable neglect, Appellant's request was still not filed with proper evidentiary support entitling him to relief. *See **Walker***, 2009 WL 2589089, at *2–3 (declining to address the trial court's finding on the Rule 60 motion's timeliness when the ruling could be upheld due to the movant's failure to establish grounds for relief). We therefore find that the trial court did not abuse its discretion in refusing to grant Appellant relief under Rule 60.02(1).

Finally, the trial court found that the alleged miscommunication regarding the nature of the partial dismissal did not constitute the "extraordinary circumstances or extreme hardship" required for Rule 60.02(5) relief. Appellant does not offer distinct evidence of any such hardship in relation to the April 2021 agreed order, only the allegations of later misconduct by his former counsel used in support of his Rule 60.02(1) claim. But section (5) is applicable only to circumstances other than those contemplated in sections (1)

---

[17] The fact that the underlying case was on appeal for much of this time does not change this timeline, as the movant is required to seek an order of remand from an appellate court to gain relief under Rule 60. *See **Ellison v. Alley***, 902 S.W.2d 415, 417 n.3 (Tenn. Ct. App. 1995).

[18] Appellant focuses solely on the actions and withdrawal of Attorneys Brazil and Clark in relation to the Second Assault Case, without assigning error to the withdrawal of his attorney in the Medical Records Case.

- 13 -

through (4). *See* **Furlough**, 397 S.W.3d at 128; **Wallace**, 666 S.W.2d at 67. Appellant's argument as to section (5) is but an extension of his argument of mistake or neglect under section (1) and does not meet the high burden required for extraordinary relief under Rule 60.02(5). *See* **Hussey**, 538 S.W.3d at 486.

As we have determined that the trial court did not apply an incorrect legal standard, reach an illogical decision, or base its ruling on an erroneous assessment of the evidence, **Lee Med.**, 312 S.W.3d at 524, we conclude that the trial court did not abuse its discretion in denying Appellant's request for relief from the April 2021 order of partial dismissal.

### ii. September 2022 Dismissals Without Prejudice

Appellant raises similar arguments in relation to his request for Rule 60 relief from the trial court's September 2022 dismissal of both the Second Assault Case and the Medical Records Case. Appellant argues that the protracted withdrawal from representation of his former attorneys shortly before the consolidated trial date required him to voluntarily dismiss his claims "rather than advance to trial without opportunity to obtain new counsel." Appellant argues that his former counsel's "prolonged failure to withdraw, and their failure to protect their client during that withdrawal" qualifies as excusable neglect under Rule 60.02(1), or else another "reason justifying relief" under Rule 60.02(5).

The trial court found that Appellant failed to establish that his voluntary dismissal of both cases was caused by the neglect of his former counsel. Respectfully, we agree that it is somewhat difficult to connect Appellant's allegations of unethical and ineffective representation by his former attorneys to the requirements of Rule 60.02(1). Appellant seems to argue that the withdrawal of Attorneys Brazil and Clark shortly before trial without seeking a delay of trial or other relief on his behalf was neglectful and left him without sufficient time to obtain new counsel prior to trial, such that he should be excused from the operation of his notice of voluntary dismissal. Yet to receive relief under Rule 60.02(1), a party must show not only some mistake, inadvertence, or neglect, but also facts showing why the party was justified in not avoiding the mistake. **Kilby**, 745 S.W.2d at 287. And here, Appellant fails to provide proof of such justification, and the record belies even the existence of mistake or excusable neglect.

Critically, Appellant has asserted throughout this litigation that he attempted to terminate his attorney-client relationship with Attorneys Brazil and Clark as early as November 2021. So it would seem that Appellant had considerable notice of their eventual withdrawal from representation, or at least ample time in which to obtain new counsel in the Second Assault Case before the September 2022 trial.[19] Appellant also filed a notice of pro se appearance in the Second Assault Case on July 14, 2022, further weakening his

---

[19] Appellant makes no argument that he was without notice of the trial date, which was set in January 2022.

- 14 -

argument that he was left unaware that he would be facing the upcoming trial without counsel until the last minute. Appellant offers no reasoning for his continued reliance on the representation of Attorney Brazil and Clark or for his failure to seek different counsel following either the November 2021 "private termination" or the July 2022 public termination. Because Appellant has established neither that his dismissal of the consolidated cases stemmed from a negligent, last-minute withdrawal of which he had not been warned, nor that he was unable to avoid the effects of such alleged negligence, we find no ground for relief under Rule 60.02(1).

The trial court also found that Appellant was not entitled to relief pursuant to section (5), as the voluntary dismissal of his claims was a "free, calculated, and deliberate choice." *See* **Hussey**, 538 S.W.3d at 486. Although Appellant argues that he was forced to dismiss his claims because he was left without sufficient time in which to obtain new counsel prior to trial, we have already determined this argument is without support in the record. Appellant was aware that he was unsatisfied with the representation provided by Attorneys Brazil and Clark as early as November 2021, and he confirmed his dissatisfaction in July 2022. Appellant was not entitled to wait until the representation officially ended in August 2022 to begin taking steps to protect his interests. *See* **id.**; *see also* **Banks**, 817 S.W.2d at 18–19 (finding no ground for Rule 60.02(5) relief where delay leading to the expiration of the statute of limitations was caused by the plaintiff's own inaction). Appellant has not eliminated all serious or substantial doubt that the decision to voluntarily dismiss his claims shortly before trial despite having advanced notice of his apparent need for substitute counsel was something other than a free, calculated, and deliberate choice. We therefore find no support for relief under Rule 60.02(5).

Having determined that the trial court did not apply an incorrect legal standard, reach an illogical decision, or base its ruling on an erroneous assessment of the evidence, **Lee Med.**, 312 S.W.3d at 524, we conclude that the trial court did not abuse its discretion in denying Appellant's request for relief from the September 2022 orders of dismissal.

### iii. October 2022 Awards of Discretionary Costs

Appellant's final request for Rule 60 relief addressed the trial court's awards of discretionary costs to Appellees following his dismissal of all claims. Appellant argues that relief is warranted under Rule 60.01 because the orders did not include findings of fact, conclusions of law, guidance as to how he was to effect payment, or the potential penalties for nonpayment. Appellant further takes issue with the order listing only Ms. McCool as author of the Defendants' motion. He also seeks relief under Rule 60.02(5), arguing that the trial court failed to consider the bad behavior of both Appellees and Appellant's former counsel in granting the awards.[20]

---

[20] Appellant also argues that Ms. Watts was not entitled to an award of discretionary costs because the Medical Records Case had been nonsuited only once. *See* Tenn. R. Civ. P. 41.04 ("If a plaintiff who

The trial court found no clerical error evident on the face of the orders. To the extent that the failure to include findings of fact, conclusions of law, or additional guidance can be said to constitute an error, Appellant puts forth no argument or record citation to suggest that the trial court meant to include these items in its ruling, such that their omission from the written order was unintentional or the result of a technical or mechanical mistake. *See Addington*, 1989 WL 5453, at *2; *Bullington*, 2000 WL 489553 at *4.; *see also Mabry*, 1992 WL 24995, at *1. Appellant has therefore not met his burden to establish ground for relief under Rule 60.01.

As to Appellant's concern that the trial court referenced the motion for discretionary costs filed jointly by all of the Defendants as only "Defendant Marcy McCool's[,]" Appellant has not pointed to any injustice or hardship worked on him by this inconsistency. It is unclear what such hardship would entail, particularly as the Defendants are all represented by the same attorney and have not expressed any concern regarding the distribution of the award. We therefore find this discrepancy to be at most harmless error, as returning the matter to the trial court for correction would simply prolong this case without offering Appellant any substantive relief. *See* Tenn. R. App. P. 36(b) ("A final judgment . . . shall not be set aside unless . . . error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.").

The trial court also found that Rule 60.02(5) was "not a proper vehicle" for Appellant's arguments attempting to relitigate the propriety of the awards of discretionary costs. Indeed, such motions are not meant to relieve parties "merely dissatisfied with the result of a particular case." *Toney*, 810 S.W.2d at 146. Rule 60.02 is an escape valve not to be opened easily, and Appellant's arguments that the trial court should have given certain facts additional weight do not fit within the narrow reading of section (5), which requires extraordinary circumstances or extreme hardship to justify relief. *See id.*, *Thompson*, 798 S.W.2d at 238; *Underwood*, 854 S.W.2d at 97; *see also Hussey*, 538 S.W.3d at 486 (noting the heightened burden of a Rule 60.02(5) motion).

Based on our determination that the trial court did not apply an incorrect legal standard, reach an illogical decision, or base its ruling on an erroneous assessment of the evidence, *Lee Med.*, 312 S.W.3d at 524, we conclude that the trial court did not abuse its

---

has once dismissed an action in any court commences an action based upon or including the same claim against the same defendant, the Court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the new action until the plaintiff has complied with the order."). However, Rule 41.04 is not the sole basis for the trial court's authority to award discretionary costs. *See* Tenn. R. Civ. P. 54.04 (1) (allowing the prevailing party to recover costs included in the bill of costs "unless the court otherwise directs"), (2) (allowing the award of costs not in the bill of costs "only in the court's discretion"). The fact that the Medical Records Case was voluntarily dismissed only once prior to Ms. Watts's request for discretionary costs therefore does not lend itself to Appellant's request for relief under either Rule 60.01 or Rule 60.02(5).

discretion in denying Appellant's request for relief from the October 2022 orders awarding discretionary costs.

## C. Motion to Compel

Appellant next argues that the trial court erred in denying his motion to compel his former counsel, Attorneys Brazil and Clark, to comply with subpoenas issued in November 2023. The subpoenas sought the attorneys' testimony and the production of the following:

All correspondence, including texts, emails, letters, or other correspondence with [Attorney] Mantooth, Esq. or [Appellant] regarding (1) the Motion to Withdraw filed by you/your firm and any correspondence related to setting that motion for hearing; (2) the Order of April 21, 2021 Dismissing Claims with Prejudice; and (3) all correspondence related to setting the matter for trial including all proposed trial dates for [the Second Assault Case]; (4) all correspondence with [Appellant's previous counsel on the case].

Attorneys Brazil and Clark initially objected to the subpoenas. *See* Tenn. R. Civ. P. 45.07(2) (requiring non-party witnesses commanded to give deposition testimony or to produce documents to serve the requesting party with a written objection within twenty-one days of service of the subpoena). The attorneys argued that the subpoenas were untimely, the requested documents would be prejudicial to their interests in an ongoing legal malpractice action filed by Appellant, they had received no written waiver from Appellant of their attorney-client privilege, and they had repeatedly offered to produce the documents in lieu of attending a deposition.

The attorneys later filed a response in opposition to Appellant's motion to compel. *See* Tenn. R. Civ. P. 45.07(3) (allowing the requesting party to move the court that issued the discovery subpoena for an order compelling compliance therewith "[a]t any time, on notice to the commanded person"). Shortly thereafter, however, the attorneys filed a supplemental response to Appellant's motion stating that they had produced the requested documents, namely:

1. Communication with [Appellant] and [Attorney] Mantooth regarding the
Motion to Withdraw;
2. Order of Dismissal;
3. Communication with regard to trial;
4. Email communication with [Appellant's prior counsel].

The documents are included apparently in full in the appellate record as exhibits to Appellant's supplemental brief in support of his Rule 60 motion.

By order of April 8, 2024, the trial court denied Appellant's motion to compel. The

trial court held that Appellant had failed to comply with local rules requiring a good-faith effort to resolve the dispute prior to filing his motion, that the attorneys had substantially complied with the subpoenas by producing the requested documents, and that the discovery process rests within the discretion of the trial court.

On appeal, Appellant focuses on the reasonableness of the subpoenas, the attorneys' failure to produce a log identifying which documents were subject to the attorney-client privilege,[21] and his own good faith efforts to accommodate the attorneys in the setting of deposition dates. Yet he fails to address the trial court's finding that Attorneys Brazil and Clark had already substantially complied with the subpoenas issued against them by providing almost one hundred pages of documents—which Appellant does not argue were unresponsive to the subpoena or else incomplete, such that the attorneys' testimony still needed to be taken.[22] *Cf. McNeill v. Blount Mem'l Hosp. Inc.*, No. E2022-00209-COA-R3-CV, 2022 WL 16955177, at \*7 (Tenn. Ct. App. Nov. 16, 2022) (holding that an argument was subject to waiver when the appellant's "brief contain[ed] no argument that addresse[d] the actual basis for the trial court's grant of summary judgment"); *Payne v. Bradley*, No. M2019-01453-COA-R3-CV, 2021 WL 754860, at \*7–8 (Tenn. Ct. App. Feb. 26, 2021) (holding that the appellant's argument was waived where the appellant provided "only a skeletal argument actually addressing the very foundation of the trial court's ruling against her"). Moreover, Appellant fails to explain how the attorneys' depositions are necessary to the prosecution of his Rule 60 action, particularly given the disclosure of the requested documents. *See generally* 27 C.J.S. *Discovery* § 21 (noting that a subpoena to a non-party may be quashed when it would be obviously futile "to uncover anything legitimate or where the information sought is utterly irrelevant to any proper inquiry" and that "the examination of a nonparty is not granted as freely as an examination of the adverse party"). We therefore conclude that declining to compel compliance with a subpoena that had already been complied with was "within the range of acceptable alternative dispositions" available to the trial court, and thus not an abuse of its discretion. *See Lee Med.*, 312 S.W.3d at 524.

### D. Motion to Disqualify

Appellant also takes issue with the trial court's denial of his motion to disqualify Appellees' counsel, Attorney Mantooth. Appellant argues litigation of his Rule 60 motion "will be incomplete without [Attorney Mantooth's] participation for he is a necessary factual witness and therefore, must be disqualified as counsel of record." Under Rule 3.7 of the Tennessee Rules of Professional Conduct, subject to a few exceptions not at issue in this case, a lawyer "shall not act as an advocate at a trial in which the lawyer is likely to be

---

[21] Once the documents were disclosed, the attorneys did not assert that any documents were withheld on the basis of privilege.

[22] In fact, as part of his argument regarding his good faith efforts to resolve the matter without court intervention, Appellant inexplicably states that the attorneys "provided no documents[.]"

a necessary witness[.]" Tenn. R. Sup. Ct. 8, PRC 3.7(a).

Here, the trial court denied Appellant's motion after finding "a lack of proof that additional relevant and necessary information would be gained" from Attorney Mantooth's testimony. Nevertheless, Attorney Mantooth was substituted as Appellees' counsel of record less than a month after entry of the trial court's order, based on his retirement from the practice of law. As the relief Appellant seeks has already been achieved, we conclude that this issue is moot. *See **Jacks v. City of Millington Bd. of Zoning Appeals***, 298 S.W.3d 163, 175 (Tenn. Ct. App. 2009) ("[A] case will generally be considered moot when the prevailing party will be provided no meaningful relief from a judgment in its favor." (quoting **Cnty. of Shelby v. McWherter**, 936 S.W.2d 923, 931 (Tenn. Ct. App. 1996))).

### E. Motions for Sanctions

Both parties take issue with the trial court's May 31, 2024 order denying their respective motions for sanctions. Rule 11.02 of the Tennessee Rules of Civil Procedure provides that by presenting a document to the court, an attorney or unrepresented party makes certain representations to the court, namely that:

> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denial of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Tenn. R. Civ. P. 11.02. Rule 11.03(1) provides the procedure by which an apparent violation of these covenants may be raised, either on the court's own initiative, or by motion:

> A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision 11.02. It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees

incurred in presenting or opposing the motion. Absent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees.

Tenn. R. Civ. P. 11.03(1)(a). Rule 11.03(2) separately outlines the trial court's ability to impose sanctions for the violation of Rule 11.02:

A sanction imposed for violation of this rule shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Subject to the limitations in subparagraphs (a) and (b), the sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation.

Tenn. R. Civ. P. 11.03(2) (containing limitations not relevant here). "The courts are to apply a standard of 'objective reasonableness under the circumstances' when determining whether conduct is sanctionable under Rule 11." *Brown*, 290 S.W.3d at 202 (quoting *Hooker v. Sundquist*, 107 S.W.3d 532, 536 (Tenn. Ct. App. 2002)). As such, "[s]anctions are appropriate when an attorney submits a motion or other paper on grounds which he knows or should know are without merit, and a showing of subjective bad faith is not required." *Hooker*, 107 S.W.3d at 536 (quoting *Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 765 (Tenn. Ct. App. 2001)). Rule 11 is "a powerful tool" and "a potent weapon," and trial courts, "while urged not to hesitate to impose sanctions once a violation of Rule 11 is found to exist, should use utmost care in doing so." *Andrews v. Bible*, 812 S.W.2d 284, 292 (Tenn. 1991).

As a reminder, Appellees filed their Rule 11 motion in response to Appellant's Rule 60 motion, with Appellant responding in kind. The trial court found that while Appellees' request for sanctions was not filed for an improper purpose and did not contain frivolous arguments or lack evidentiary support, their arguments were directed toward the merits of Appellant's Rule 60 motion and not how the motion violated Rule 11.02. Because Appellees did not establish that Appellant's Rule 60 motion was sanctionable, the trial court denied their motion. Regarding Appellant's motion for sanctions, the trial court again found that Appellees' motion did not violate Rule 11.02 and was not objectively unreasonable. Thus, Appellant's motion was also denied. And then, relying on Rule 11.03(1)(a), the trial court awarded Appellant his reasonable expenses and attorney's fees in opposing Appellees' Rule 11 motion. We will address each decision in turn.

Appellees assert that their motion for sanctions should have been granted based on their argument regarding the finality of the underlying orders addressed in Appellant's Rule 60 motion. As discussed, *supra*, Appellant's Rule 60 motion was the proper method of

seeking relief from those orders and we conclude that this argument is without merit and find no abuse of discretion in the denial of Appellees' Rule 11 motion.

For his part, Appellant contends that the trial court should have granted his Rule 11 motion because the timing, substance, and context of Appellees' motion were proof that it had been filed for an improper purpose. Appellant argues that the motion did not comport with the safe harbor provision within Rule 11.03(1)(a), the motion did not actually allege a violation of Rule 11.02, and the motion was part of Appellees' pattern of delay. As with Appellees' Rule 11 motion however, Appellant's arguments go more to the merits of the motion rather than how the motion violated Rule 11.02. That Appellees' motion was unlikely to prove successful based on the procedural and substantive flaws alleged by Appellant does not, in itself, render the filing of the motion sanctionable. Appellant offers nothing to suggest that Appellant's counsel knew or should have known that the motion was frivolous or without evidentiary support. *See **Hooker**,* 107 S.W.3d at 536. Nor has Appellant established that filing the motion was objectively unreasonable in light of the circumstances of the case. *See **Brown**,* 290 S.W.3d at 202. We find no abuse of discretion in the trial court declining to use the "potent weapon" of Rule 11 sanctions in this instance. *See **Andrews**,* 812 S.W.2d at 292; ***Lee Med.**,* 312 S.W.3d at 524.

Appellees raise a two-fold argument against the trial court awarding Appellant his attorney's fees in opposing their Rule 11 motion. First, Appellees argue that the trial court's order was inconsistent, as it found that their Rule 11 motion was not sanctionable and so denied Appellant's Rule 11 motion in response, but still awarded Appellant his attorney's fees and expenses for defending against their motion. Under Rule 11.03(1)(a), however, the trial court has the discretion to award attorney's fees to the party prevailing on a motion for sanctions, whether that party was "presenting or *opposing* the motion." Tenn. R. Civ. P. 11.03(1)(a) (emphasis added). While a moving party who is entitled sanctions after establishing a violation of Rule 11.02 has also prevailed on its motion, so too has a non-moving party who successfully establishes that no such violation occurred. *Cf.* ***Terry v. Jackson-Madison Cnty. Gen. Hosp. Dist.**,* 572 S.W.3d 614, 635 (Tenn. App. 2018) ("Under the appropriate circumstances, the court may award 'the reasonable expenses and attorney's fees incurred in presenting or opposing the motion,' *as well as* appropriate sanctions." (emphasis added) (quoting Tenn. R. Civ. P. 11.03(1)(a))). Appellees' argument seems to misconstrue the trial court's order; Appellant did not receive his attorney's fees for successfully establishing a violation of Rule 11.02 with his own motion, instead he received his fees for prevailing against Appellees' motion. Because Appellant was the "party prevailing on the motion" for sanctions filed by Appellees, and the trial court explicitly concluded that such an award was "warranted" based on Appellees' conduct in filing the motion, we find no abuse of discretion in the trial court's award of attorney's fees under Rule 11.03(1)(a).

Still, Appellees also argue that Appellant waived his claim for attorney's fees by failing to provide the relevant proof prior to taking this appeal. Indeed, after the trial court's

May 31, 2024 order awarding his fees associated with defending against Appellees' Rule 11 motion, no judgment was entered setting the amount of those fees. Appellant subsequently filed his notice of appeal. In reviewing the record, this Court determined that the failure to adjudicate the amount of Appellant's attorney's fees left this case without a final judgment. By order of January 9, 2025, we ruled that "[t]he trial court must set the amount of attorney's fees and expenses awarded before the appeal can proceed[,]" and directed the parties to either obtain a final judgment setting the amount of attorney's fees and expenses to be awarded, or else show cause why the lack of such a judgment did not require the dismissal of the appeal. Appellant then filed his motion to set attorney's fees in the trial court on February 28, 2025, as well as the affidavit of his attorneys. Appellees responded with similar arguments regarding waiver and unreasonable delay as on appeal, but the trial court ultimately awarded Appellant $6,041.65 in attorney's fees by order of April 8, 2025.

As explained in our earlier order, an appeal as of right may only be taken from a final judgment, i.e., one that resolves all the claims of all the parties. *See **In re Est. of Henderson***, 121 S.W.3d 643, 645 (Tenn. 2003); Tenn. R. App. P. 3(a) (stating that a judgment that does not address all claim and all parties is not enforceable or appealable). And "[t]his Court has concluded on several occasions that an order that fails to address an outstanding request for attorney's fees is not final." ***Davis v. City of Memphis***, No. W2016-00967-COA-R3-CV, 2017 WL 634780, at *4 (Tenn. Ct. App. Feb. 2, 2017) (quoting ***McCosh v. McCosh***, No. E2014-01702-COA-R3-CV, 2015 WL 5121077, at *5 (Tenn. Ct. App. Aug. 31, 2015)). Except for certain circumstances, this Court does not have subject matter jurisdiction over appeals from non-final orders. *See **Bayberry Assocs. v. Jones***, 783 S.W.2d 553, 559 (Tenn. 1990). As such, a notice of appeal filed before the entry of a final judgment is considered premature and "shall be treated as filed after the entry of the judgment from which the appeal is taken and on the day thereof." Tenn. R. App. P. (4)(d). Accordingly, Appellant's notice of appeal was not effective until after the trial court's order setting his attorney's fees was filed on April 8, 2025. *See **Homelift of Nashville, Inc. v. Porta, Inc.***, No. M2016-00894-COA-R3-CV, 2017 WL 3447909, at *3 (Tenn. Ct. App. Aug. 11, 2017) (noting that the trial court did not lose the jurisdiction to adjudicate a prejudgment request for attorney's fees and expenses where the court's judgment was not yet final and no appeal had been perfected at the time the fees were requested). Because Appellant's notice of appeal was premature, the trial court simply did not consider any "post-appeal" evidence in setting the amount of attorney's fees awarded to Appellant. Instead, the trial court was required to finally adjudicate the issue in order for this Court's subject matter jurisdiction to attach. The concern raised by Appellees regarding Appellant's failure to provide evidence in support of his award of attorney's fees before filing a notice of appeal is therefore without merit.[23]

---

[23] Moreover, this case is distinguishable from those relied upon by Appellees, as Appellant's entitlement to an award of attorney's fees was already adjudicated prior to the filing of his notice of appeal, only the amount of the award remained pending. *Compare **Seaton v. Wise Props.-TN, LLC***, No. E2013-

## F. Frivolous Appeal

Finally, we address Appellees' request for frivolous appeal damages under Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

"An appeal is frivolous when it 'has no reasonable chance of success' or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" *Stokes v. Stokes*, No. M2018-00174-COA-R3-CV, 2019 WL 1077263, at *10 (Tenn. Ct. App. Mar. 7, 2019) (quoting *Chiozza*, 315 S.W.3d at 493). In that vein, a "a party's failure to point to any evidence or rule of law entitling him or her to relief may be a basis for a court to conclude an appeal is frivolous." *Id.* (citing *Jackson v. Aldridge*, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999)). An award of appellate attorney's fees is within this Court's sole discretion, though the statute is meant to be applied sparingly "to avoid discouraging legitimate appeals." *Id.* (citing *Chiozza*, 315 S.W.3d at 493).

As Appellees point out, Appellant's brief falls somewhat short of the requirements set out in Rule 27 of the Tennessee Rules of Appellate Procedure[24] and Rule 6 of the Rules of the Court of Appeals of Tennessee.[25] Although Appellant includes citations to the record

---

01360-COA-R3-CV, 2014 WL 1715068 (Tenn. App. Apr. 30, 2014) (reversing trial court's award of trial-attorney's fees where both granting of fees and setting of fees award occurred after the appeal).

[24] As relevant, Rule 27 provides that the brief of an appellant shall contain the following:

> (6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record [and]
> (7) An argument, which may be preceded by a summary of argument, setting forth:
> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

Tenn. R. App. P. 27(a).

[25] Rule 6 requires the following, "in regard to each issue on appeal":

> (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue . . . with citation to the record where the erroneous or corrective

throughout his brief, these references are primarily to his initial motion to compel and the memorandum in support of his motion to disqualify Attorney Mantooth, where he made essentially identical arguments, rather than to the contested judgments themselves or the various exhibits included among the parties' filings. Many statements of fact are wholly without record citation. *See* Tenn. R. Ct. App. 6(b) (providing that no "complaint of or reliance upon action by the trial court" or "assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record" where the action or support for the fact is recorded); ***Bean v. Bean***, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (noting that "[t]his Court is under no duty to verify unsupported allegations in a party's brief"). Appellant's brief is also rather light in terms of citation to legal authority. *See* ***Sneed v. Bd. of Pro. Resp. of Sup. Ct.***, 301 S.W.3d 603, 615 (Tenn. 2010) (holding that it "is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her"); ***Tennesseans for Sensible Election Ls. v. Slatery***, No. M2020-01292-COA-R3-CV, 2021 WL 4621249, at *6 (Tenn. Ct. App. Oct. 7, 2021) (describing the "explanation of how the cited legal principles apply to the facts in this case" as a "necessary" part of the appellate brief).

Such inadequate briefing would generally result in a waiver of all appellate issues. ***Bean***, 40 S.W.3d at 55 ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." (listing cases)). *But see* ***DiNovo v. Binkley***, 706 S.W.3d 334, 337 (Tenn. 2025) (noting that cases so waiving a party's argument "usually involve egregious errors that prejudice the opposing party, force the court to act as a party's counsel, or otherwise significantly frustrate the court's ability to decide an appeal"). However, the Tennessee Supreme Court has recently provided guidance that "Tennessee courts must reasonably exercise their discretion to excuse technical deficiencies that do not significantly impede the appellate process" ***DiNovo***, 706 S.W.3d at 336. Because we were able to conduct a meaningful review despite Appellant's lackluster briefing, we did not find it necessary to dismiss the appeal. Still, as noted throughout our ruling, Appellant's failure to include appropriate citations to the record was particularly detrimental to his request for appellate relief. ***Stokes***, 2019 WL 1077263, at *10. As the appeal stood "no reasonable chance of success" in large part due to these deficiencies, we exercise our discretion to award Appellees their appellate attorney's fees.

---

action is recorded.

(2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.

(3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.

(4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.

Tenn. R. Ct. App. 6(a).

- 24 -

Inasmuch as Appellant prevailed against Appellees' argument regarding his award of attorney's fees, this limited success does not negate the fact that the arguments presented by Appellant in support of the issues he raised in this appeal did not have a reasonable chance of success. The success does, however, support limiting the award of Appellees' appellate attorney's fees to only those fees associated with their defense against Appellant's arguments, and not the fees associated with presenting their affirmative issues.

## V. CONCLUSION

The judgment of the Davidson County Circuit Court is affirmed, and this matter is remanded to the trial court for further proceedings consistent with this Opinion, including the calculation of the attorney's fees incurred by Appellees in opposing Appellant's appellate issues. Costs of this appeal are taxed to Appellant Rimon Abdou, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE